NO. 07-02-0395-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

OCTOBER 14, 2002

_____

PAUL ANTHONY CAUGHMAN-FANT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NO. 12,955-A; HONORABLE JACK YOUNG, JUDGE

_____

Before REAVIS and JOHNSON, JJ., and BOYD, SJ.[1]

ON ABATEMENT AND REMAND

On September 25, 2002, we received a pro se notice of appeal from appellant Paul

Anthony Caughman-Fant. On October 7, 2002, we received a pro se letter from appellant

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. § 75.002(a)(1) (Vernon Supp. 2002).

requesting the appointment of an attorney to prosecute his appeal. We have received nothing further in connection with the appeal.

The notice of appeal indicates appellant's intent to appeal his conviction. This state of the record requires us to remand the case to the 47th District Court of Randall County to conduct hearings as mandated by Texas Rules of Appellate Procedure 37.3(2) and 38.8. Upon remand, the judge of the trial court shall immediately cause proper notices to be given and conduct a hearing to determine:

1. If appellant is indigent and if the appointment of an attorney is necessary.

2. If it be determined that an attorney should be appointed, the name address, and State Bar of Texas identification number of the attorney appointed.

3. If appellant is not indigent, whether he has failed to make the necessary arrangements for prosecuting his appeal, and he has not done so, what orders are necessary to ensure those arrangements are made.

4. If any other orders are necessary to ensure the diligent and proper pursuit of appellant's appeal.

In support of its determination, the trial court shall prepare and file written findings of fact and conclusions of law and cause them to be included in a supplemental clerk's record. The hearing proceedings shall be transcribed and included in a supplemental reporter's record. These supplemental records shall be submitted to this court not later than December 2, 2002.

It is so ordered.

Per Curiam

Do not publish.